THE STATE OF OHIO, APPELLEE, *v.* BELLE VERNON MILK CO., APPELLANT.

290

■■■■■■■■■■

■■■■■■■■■■

(No. 673—Decided June 1, 1954.)

■■■■■■■■■■

*Mr. Bernard W. Freeman,* prosecuting attorney, for appellee.

*Messrs. Young & Young* and *Mr. Wm. L. Calfee,* for appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court finding the defendant guilty and imposing a fine of $200 and costs. The indictment charged that the defendant "did unlawfully offer for sale and sell milk marked as grade A and the butter fat content of twenty-seven bottles of which milk averaged less than 3.5 per cent butter fat as required by law." Section 3717.04, Revised Code (Section 12719, General Code), and Section 3717.99, Revised Code.

Section 3717.04, Revised Code, provides:

"No person shall sell, exchange, deliver, or have in his custody or possession with intent to sell or exchange, or expose or offer for sale as pure milk, any milk from which the cream or part thereof has been removed.

"Sections 3717.01 to 3717.13, inclusive, of the Revised Code do not prohibit the sale, exchange, or delivery or the having in custody or possession with intent to sell, exchange, or deliver, standardized milk, which is milk of which the original fat content has been changed by partial skimming or by the addition of skimmed milk, cream, or milk rich in fat, and which contains not less than three and one half per cent of milk fats and twelve per cent total solids, if the vessel containing such milk is labeled

'standardized milk' and if the percentage of butterfat contained in such milk or in unstandardized milk sold at retail is plainly stated on the label. A two tenths of one per cent tolerance shall be allowed on one or more bottles, cans, or vessels, but an average of twenty-five bottles, vessels, or cans shall contain the required stipulated percentage of fat.''

The indictment does not in terms follow the statute, although the terminology of the section is awkward and unclear. It will be observed that the sale as pure milk of any milk from which the cream or any part of it has been removed is prohibited. The section provides further that Sections 3717.01 to 3717.03 relating to adulterated milk and cream do not prohibit the sale of standardized milk containing not more than 3.5 per cent of milk fats if the vessel containing such milk is labeled ''standardized milk'' and if the percentage of butterfat contained in such milk or in unstandardized milk sold at retail is plainly stated on the label. Section 12719, General Code, applied the exception to the provisions ''of this chapter'' rather than to the preceding three sections. Reference to Sections 3717.01 to 3717.13 only in Section 3717.04 is no doubt a mistake incident to the enactment of the Revised Code. But it is unnecessary for us to determine upon this appeal whether the exception provided in Section 3717.04 is intended to apply to the sale of milk from which cream has been removed.

The evidence discloses that the County Sanitarian of Huron County purchased milk from the Kroger store and from the Sternbaum Supermarket in Norwalk between July 31 and August 19, 1953, and that the contents of the 27 paper containers, upon laboratory test, averaged less than 3.5 per cent butter fat. Although the sanitarian could not recall the exact language printed on the containers, he said they were labeled vitamin D homogenized milk, bottled by Belle Vernon Milk Company. None of these containers was introduced in evidence. Although the witness stated that the butterfat content was printed on the cartons, he was not asked about the percentage. He could only describe the language on the containers in general terms. Although he said the milk which he purchased from the two stores was bottled by the defendant, it is obvious that

he had no such knowledge except as he gleaned it from the legends on the cartons.

The evidence discloses that the milk was sold by the two retailers in Norwalk and there is no competent proof that the defendant sold such milk. The evidence also lacks that degree of certainty required in a criminal case to prove that the milk tested in the laboratory was that purchased in Norwalk. There is likewise no evidence that the retailers in Norwalk were acting as agents or distributors for the defendant.

Although proof of guilt may be established by circumstantial evidence, where the evidence shows that an unlawful sale has been made by a party other than the defendant, there must be additional proof that such sale was at the instance of the defendant in order to support a conviction. In a civil case, proof of the legend on the container may be sufficient to support an inference that the milk was bottled by the defendant, but it is insufficient to predicate a further inference that it was sold by the defendant. Cf. *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St., 204, 140 N. E., 634.

The judgment of the Common Pleas Court is reversed and the defendant discharged.

*Judgment reversed.*

Fess, P. J., Conn and Deeds, JJ., concur.